# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: July 1, 2020

```
*  *  *  *  *  *  *  *  *  *  *  *  *
ROSA M. RIOS MORALES and            *
JUAN ENRIQUE LOZADA VIRELLA,        *
Parents on Behalf of Minor Daughter, *
I.K.L.R.,                           *          UNPUBLISHED
                                    *
            Petitioners,            *          No. 18-1190V
                                    *
v.                                  *          Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *          Stipulation for Award; Varicella;
AND HUMAN SERVICES,                 *          Chronic Urticaria.
                                    *
            Respondent.             *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Roberto Ruiz-Comas*, RC Legal & Litigation Services, San Juan, PR, for petitioners.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On August 10, 2018, Rosa M. Rios Morales and Juan Enrique Lozada Virella ("petitioners"), on behalf of their minor daughter I.K.L.R., filed a petition for compensation under the National Vaccine Injury Compensation Program[2] (the "Vaccine Program"). Petition (ECF No. 1). The petition seeks compensation for injuries allegedly related to I.K.L.R.'s receipt of a varicella vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

I.K.L.R. received the varicella vaccine on or about August 14, 2015.  The vaccination was administered within the United States.  Petitioners allege that the varicella vaccine caused I.K.L.R. to develop chronic urticaria, or significantly aggravated her condition, and that I.K.L.R. experienced the residual effects of this injury for more than six months.

On July 1, 2020, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioners on behalf of I.K.L.R.  Stipulation (ECF No. 26). Respondent denies that the varicella vaccine either caused or significantly aggravated I.K.L.R.'s alleged chronic urticaria and/or any other injury.  *Id.* at ¶ 6.  Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation awards:

1) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation (attached hereto as Appendix A), paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) for injuries allegedly related to I.K.L.R.'s receipt of the varicella vaccine.**

I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein.  Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

ROSA M. RIOS MORALES and JUAN
ENRIQUE LOZADA VIRELLA, parents on
behalf of minor daughter, I.K.L.R.,

               Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 18-1190V
Special Master Thomas L. Gowen
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor daughter, I.K.L.R., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to I.K.L.R.'s receipt of a varicella vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. I.K.L.R. received a varicella vaccine on or about August 14, 2015.

3. The vaccine was administered within the United States.

4. Petitioners allege that the varicella vaccine caused I.K.L.R. to developed chronic urticaria, or significantly aggravated her condition, and that I.K.L.R. experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of I.K.L.R. as a result of her alleged condition.



1

6. Respondent denies that the varicella immunization either caused or significantly

aggravated I.K.L.R.'s alleged chronic urticaria and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioners have filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payment:

> An amount sufficient to purchase the annuity contract described in paragraph 10 below,
> paid to the life insurance company from which the annuity will be purchased (the "Life
> Insurance Company").[1] This amount represents all compensation for damages that would
> be available under 42 U.S.C. § 300aa-15(a) for injuries allegedly related to I.K.L.R.'s
> receipt of the varicella vaccine.

9. The Life Insurance Company must have a minimum of \$250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company



must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-,
AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:
AA-, AA, AA+, or AAA.

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract,"
to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent
may purchase one or more annuity contracts from one or more life insurance companies.

10.  The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of I.K.L.R., pursuant to which the Life Insurance Company will agree to make a payment to I.K.L.R. (who has a date of birth of July 31, 2002) of **a certain lump sum of $90,058.00 on July 31, 2023**.  Should I.K.L.R. predecease the scheduled payment referenced in this paragraph or be declared incompetent by a court with proper jurisdiction, the payment shall be made to I.K.L.R.'s estate.  Either petitioners or I.K.L.R.'s guardian(s) and/or legal administrator(s) at the time shall provide written notice to the Secretary of Health and Human Services and to the Life Insurance Company within twenty (20) days of I.K.L.R.'s death or being declared incompetent.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth in paragraph 8 herein, and any amounts awarded pursuant to paragraph 12, and that they do not guarantee or insure any of the future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

3

13. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of I.K.L.R. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of I.K.L.R., on behalf of themselves, I.K.L.R., and I.K.L.R.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of I.K.L.R. resulting from, or alleged to have resulted from, the varicella vaccination administered on or about August 14, 2015, as

4

alleged by petitioners in a petition for vaccine compensation filed on or about August 10, 2018, in the United States Court of Federal Claims as petition No. 18-1190V.

17.  If I.K.L.R. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20.  Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the varicella vaccine either caused or significantly aggravated I.K.L.R.'s alleged chronic urticaria and/or any other injury.



22. All rights and obligations of petitioners hereunder shall apply equally to petitioners'

heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of I.K.L.R.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

ROSA M. RIOS MORALES,
on behalf of I. K. L. R.

JUAN ENRIQUE LOZADA VIRELLA,
on behalf of I. K. L. R.

**ATTORNEY OF RECORD FOR
PETITIONERS:**

ROBERTO RUIZ COMAS
RC LEGAL & LITIGATION SERVICES, PSC
Suite 801
Calle Resolución #33
San Juan, PR 00920
(787) 777-8000

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Ward Sorensen for

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: July 1, 2020